Michael J. Peffer, State Bar No. 192265
PACIFIC JUSTICE INSTITUTE
P.O. Box 11630
Santa Ana, CA 92711
Tel.:(714) 796-7150
Fax: (916) 550-9630
E-mail: mpeffer@pji.org

Milton Matchak, State Bar No. 215739
PACIFIC JUSTICE INSTITUTE
P.O. Box 280
Woodbridge, CA 95258
Tel.: (916) 302-9264
E-mail: mmatchak@pji.org

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM BARON,<br><br>    Plaintiff,<br><br>v.<br><br>GALACTIC CO., LLC; VIRGIN GALACTIC, LLC,<br><br>    Defendant. | Case No.<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>[Demand for Jury Trial] |

## INTRODUCTION

The Plaintiff, Adam Baron, brings this action against Galactic Co., LLC and Virgin Galactic, LLC ("Galactic"), a privately held aerospace company. Galactic Co., LLC, a Delaware entity registered as a foreign entity with the California Secretary of State, is a wholly owned subsidiary of Virgin Galactic Holdings, Inc. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) the California Fair Employment and Housing Act, Cal.

1  Govt. Code § 12900 et seq., and the common law tort of Wrongful Termination in
2  Violation of Public Policy.
3      The gravamen of this Complaint is that Defendant refused to accommodate,
4  retaliated against, otherwise discriminated against, and subsequently terminated
5  Plaintiff because he asked for accommodation to his religious beliefs. Defendant
6  knew or should have reasonably known that Mr. Baron held religious beliefs
7  because he asserted them. Defendant nevertheless failed to accommodate and
8  terminated an employee in retaliation for seeking an accommodation.

## JURISDICTION AND VENUE

10  1.    This Court has authority over this action pursuant to 28 U.S.C. § 1331,
11  in federal questions raised under Title VII of the Civil Rights Act of 1964, 42
12  U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiff's
13  related claims arising under corollary state anti-discrimination law pursuant to 28
14  U.S.C. § 1367(a), and the common law tort of Wrongful Termination in Violation
15  of Public Policy.
16  2.    Venue is proper in the Eastern District of California under 42 U.S.C. §
17  2000e-5(f)(3), in that the Defendant maintains significant operations within the
18  Eastern District. The location of the company where the alleged unlawful
19  employment practices took place is within the Eastern District. This case is
20  appropriate for assignment to the Kern Division. The Defendant maintains
21  significant operations within Kern County, and the situs of the alleged unlawful
22  employment practices took place at the Defendant's Mojave company location.

## PARTIES

### Plaintiff

25  3.    At the time of his employment with Defendant, Mr. Baron resided in
26  Los Angeles County and was an employee of Defendant Galactic. On June 7, 2022,
27  Mr. Baron obtained a "Right to Sue" letter from the U. S. Equal Employment
28

Opportunity Commission (EEOC). Mr. Baron's letter serves as "Exhibit One" to this Complaint.

### Defendant

4. Upon information and belief, Virgin Galactic, LLC is a privately held aerospace company operating in Mojave, California, incorporated in Delaware and authorized to do business in California. Its corporate headquarters is in Mojave, Kern County, California. At the time of the events that gave rise to this Complaint, Galactic employed Plaintiff as a Senior Mass Properties Engineer and later as a Group Lead of Flight Sciences Engineering at the Defendant's Mojave location.

### STATEMENT OF FACTS

5. Mr. Baron was employed for five and a half years by Galactic, during which he performed in an exemplary manner.

6. Mr. Baron is a devout follower of Saucha and a believer of the Eight Limbs of Yoga.

7. As a Saucha, he believes in cleanliness of mind, spirit, and body. He further believes in maintaining good health and not introducing anything harmful into his body. Mr. Baron is a vegan, and he does not drink alcohol or smoke.

8. Mr. Baron believes the Eight Limbs of Yoga to be authoritative. He does his best to live in accordance with the teachings, and he holds strong beliefs based on his understanding of Saucha and the Eight Limbs of Yoga.

9. Galactic announced they were requiring that their employees receive the COVID-19 vaccine by December 8, 2021. Galactic also informed the employees of their option to request a medical or religious exemption from the vaccine.

10. On November 23, 2021, Mr. Baron requested a religious exemption to accommodate his religiously held beliefs against the vaccine; yet, on December 3, 2021, Galactic denied his request.

11. Galactic concluded that Mr. Baron demonstrated a sincere religious belief which conflicted with him receiving the COVID-19 vaccine. Galactic, however, also concluded that Mr. Baron's request could not be accommodated because it would pose an undue hardship on the company.

12. According to Galactic, the undue hardship would have involved Mr. Baron isolating from other team members while undergoing COVID-19 testing and waiting for the results, causing delays in his work and the work of his team. Galactic also cited costs to the company for testing and production delays causing a negative impact on workplace safety as undue hardship.

13. Galactic refused to explore any alternatives that might have been available to allow Mr. Baron to reasonably continue doing his job. Defendant refused to engage in any timely, interactive, meaningful, or good faith processes with Plaintiff to accommodate his truly sincere religious beliefs.

14. Days after December 3, 2021, Mr. Baron spoke to his immediate supervisor, Frank Heinichen. Mr. Heinichen told Mr. Baron he was required to get the vaccine by December 8, 2021, to keep his job at Galactic.

15. On December 8, 2021, Jonathan Ritchie, a director, and Ed Donaldson, in H.R., called Mr. Baron to let him know they would put him on leave if he remained unvaccinated by December 20, 2021.

16. Mr. Baron, deeply troubled by the company's ultimatum, felt he was compromising his religious values just to work at Galactic.

17. Days later, Mr. Heinichen called Mr. Baron, and Mr. Baron stated that he would not be getting vaccinated. Mr. Heinichen said he would try to get Galactic to honor Mr. Baron's exemption request.

18. Mr. Baron, however, was put on leave until December 31, 2021, and then was unjustly terminated.

19. Galactic's refusal to accommodate, or even explore accommodation of Mr. Baron's religious beliefs, was a substantial motivating factor in Galactic's

1  decision to deprive Plaintiff of the employment he had enjoyed for five and a half
2  years.
3      20.    Mr. Baron's religious beliefs were a motivating factor in his
4  termination. The Defendant violated Plaintiff's state and federal rights under Title
5  VII, and California Govt. Code § 12900 et seq. with malice or reckless indifference.
6      21.    Mr. Baron's income and health insurance ceased immediately and
7  unexpectedly after five and a half years of service, causing a financial hardship on
8  him and his ability to financially support his family.
9      22.    On June 7, 2022, Mr. Baron obtained a "Right to Sue" letter from the
10 U. S. Equal Employment Opportunity Commission (EEOC). A "Right to Sue" letter
11 from either the EEOC or California Department of Fair Employment and Housing
12 (DFEH) satisfies the requirements of both the EEOC and the DFEH. Mr. Baron's
13 letter serves as "Exhibit One" to this Complaint.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Termination and Retaliation based on Religion**
**Against Defendant**

17     23.    Plaintiff hereby realleges and incorporates by reference the preceding
18 paragraphs as though fully set forth herein.
19     24.    Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §
20 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or
21 refuse to hire or to discharge any individual, or otherwise to discriminate against
22 any individual with respect to his compensation, terms, conditions, or privileges of
23 employment, because of such individual's race, color, religion, sex, or national
24 origin; or (2) to limit, segregate, or classify his employees or applicants for
25 employment in any way which would deprive or tend to deprive any individual of
26 employment opportunities or otherwise adversely affect his status as an employee,
27 because of such individual's race, color, religion, sex, or national origin.

25. Mr. Baron was always relevant herein an employee and applicant covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment based on religion. Defendant was always herein an employer for purposes of 42 U.S.C. § 2000e, et seq.

26. Mr. Baron held deeply sincere religious objection to receiving the COVID-19 vaccine.

26. Mr. Baron's accommodation request was denied.

27. Galactic concluded that Mr. Baron demonstrated sincere religious beliefs which conflicted with receiving the COVID-19 vaccine. Yet Galactic refused to accommodate or even explore any alternatives that might have been available to accommodate Mr. Baron's religious beliefs.

28. Mr. Baron's religious beliefs and practices were therefore a motivating factor in his termination.

29. Mr. Baron suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

30. Galactic intentionally violated Plaintiff's rights under Title VII with malice or reckless indifference.

31. Mr. Baron is entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

32. Mr. Baron is entitled to further relief as set forth below in his Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Failure to Provide Religious Accommodation**
**Against Defendant**

33. Plaintiff hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

34. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it an unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

35. Mr. Baron suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

36. Defendant intentionally violated Mr. Baron's rights under Title VII with malice or reckless indifference.

37. Plaintiff is entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

38. Plaintiff is entitled to further relief as set forth below in his Prayer for Relief.

## THIRD CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act
(Cal. Govt. Code § 12900 et seq.)—Discrimination and Retaliation
based on Religious Creed
Against Defendant**

39. Plaintiff hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

40. Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of the employee's religious creed.

41. Mr. Baron was always relevant herein an employee for purposes of FEHA.

42. Defendant was always relevant herein an employer for purposes of FEHA.

43. Plaintiff was always relevant herein a member of a protected religious class.

44. FEHA broadly defines religious creed to include all aspects of observance and practice.

45. Defendant intentionally discriminated against Mr. Baron by making an adverse employment decision against him—by terminating his employment after five and a half years of dedicated service.

46. Defendant demonstrated discriminatory animus toward Plaintiff by abruptly terminating his employment and showing callous indifference toward his sincere religious beliefs. Defendant subsequently terminated Plaintiff without explanation or providing any alternative after Plaintiff's request for religious accommodation. Defendant terminated Plaintiff's employment because of his religious creed. Defendant discriminated against the Plaintiff based on his religious beliefs.

47. Mr. Baron suffered damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future loss of wages and benefits, and the cost of bringing this action.

48. Defendant intentionally violated Mr. Baron's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

49. Plaintiff is entitled to such other and further relief as more fully set forth below in his Prayer for Relief.

## FOURTH CAUSE OF ACTION

**Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 et seq.)—Failure to Provide Religious Accommodation Against Defendant**

50. Plaintiff hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]

51. Under FEHA, it is an unlawful employment practice for an employer to terminate a person's employment because of a conflict between the person's religious beliefs or observance and any employment requirement, unless the employer demonstrates that it has explored all reasonable means of accommodation of the religious beliefs or observance.

52. Plaintiff was a person and an employee of Defendant within the meaning of FEHA.

53. Defendant was always relevant herein employer of Plaintiff for purposes of FEHA.

54. Plaintiff is a devout believe of Saucha and the Eight Limbs of Yoga. Defendant was aware of Plaintiff's sincerely held religious beliefs.

55. Plaintiff holds strong beliefs based on his understanding of the teachings of Saucha and the Eight Limbs of Yoga, which prohibit Mr. Baron from putting anything harmful into his body. Mr. Baron believes that the COVID-19 vaccine could be harmful to his body.

56. Mr. Baron requested an accommodation from Plaintiff. Plaintiff denied the request without any explanation to Mr. Baron.

57. Mr. Baron notified his immediate supervisor that he would not be getting vaccinated and that he could not compromise his religious convictions. The supervisor attempted to have Mr. Baron's request granted but was unsuccessful.

58. Defendant refused to explore available reasonable alternatives to allow Mr. Baron to do his job. Defendant refused to engage in any timely, interactive, meaningful, or good faith process with Plaintiff to accommodate his sincerely held religious beliefs.

59. Defendant's refusal to accommodate, or even explore any kind of accommodation of Plaintiff's religious beliefs, was a substantial motivating factor in Defendant's decision to deprive Plaintiff of the employment he had enjoyed for five and a half years.

60. Mr. Baron suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

61. Defendant intentionally violated Mr. Baron's rights under FEHA with malice or reckless indifference.

62. Plaintiff is entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs to bring suit, a declaration that Defendant violated Plaintiff's rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

63. Plaintiff is entitled to further relief as more fully set forth below in his Prayer for Relief.

## FIFTH CAUSE OF ACTION

### Wrongful termination in violation of public policy- Common Law Tort Against Defendant

64. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

65. Mr. Baron was terminated for requesting a religious accommodation in compliance with both Title VII of the Civil Rights Act of 1964, and Cal. Govt. Code § 12900 et seq.

66. Cal. Govt. Code § 12920 states, "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed."

67. Cal. Govt. Code § 12920 goes on to state, "Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, or genetic information in housing accommodations is declared to be against public policy."

68. Mr. Baron was always relevant herein an employee of Defendant and covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment based on religion.

69. Defendant was always herein an employer for purposes of 42 U.S.C. § 2000e, et seq.

70. Plaintiff was a person and an employee of Defendant within the meaning of FEHA.

71. Defendant was always relevant herein an employer of Plaintiff for purposes of FEHA.

72. Plaintiff is a devout follower of Saucha. Defendant was aware of the sincere religious beliefs Plaintiff held.

73. Mr. Baron held a deeply religious objection to receiving the COVID-19 vaccine and was denied accommodation although Defendant recognized that Mr. Baron had sincerely held beliefs.

74. Plaintiff told his immediate superior, Frank Heinichen, that he (Plaintiff) would work remotely either in his current position as he did for the previous two years, or that he would transition from his leadership role to a technical role in which he was still qualified. Plaintiff worked remotely for approximately two years prior to requesting the accommodation and was effective in the position.

75. Frank Heinichen suggested that Plaintiff work remotely to his supervisor, Steve Justice, the director of engineering, and to the Human Resources Department. Plaintiff was not granted his request to work remotely.

76. Plaintiff felt bullied into getting the vaccine, causing anxiety and stress due his employer forcing him to choose between his deeply held religious beliefs and his financial livelihood, his job.

77. There were no valid reasons whatsoever for terminating Plaintiff's employment, other than Plaintiff requesting accommodation under Title VII and FEHA.

78. Plaintiff's religious beliefs and practices were therefore a motivating factor in his termination. Plaintiff suffered a wrongful termination for exercising his right to seek an accommodation of his truly sincere religious beliefs entitled to him under Title VII and FEHA.

79. FEHA declares by statute that such unlawful termination is in violation of public policy.

80. Plaintiff suffered significant harm because of Defendant's unlawful discriminatory actions, including emotional distress, past and future loss wages and benefits, and the costs associated with bringing this action.

81. Defendant intentionally violated Plaintiff's rights under Title VII and FEHA with malice or reckless indifference.

82. Plaintiff is entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

83. Plaintiff is entitled to further relief as more fully set forth below in his Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, MR. BARON respectfully prays this Court grant relief as follows:

A. Award Plaintiff backpay, including past loss of wages and benefits, plus interest;

B. Award Plaintiff his front pay, including future wages and benefits;

C. Award Plaintiff other and further compensatory damages in an amount according to proof;

D. Award Plaintiff noneconomic damages, including but not limited to mental health suffrage;

E. Award to Plaintiff his reasonable attorneys' fees and costs of suit;

F. Award Plaintiff punitive damages;

G. Enjoin Defendant from enforcing their discriminatory policies;

H. Declare that Defendant has violated Title VII of the Civil Rights Act and FEHA; and

I. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

Dated: July 20, 2022

/s/ Michael J. Peffer
Michael J. Peffer
Milton Matchak
Pacific Justice Institute

*Attorneys for Plaintiff, Adam Baron*

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

/s/ Michael J. Peffer
Michael J. Peffer
Milton Matchak

*Attorneys for Plaintiff, Adam Baron*

## **VERIFICATION**

I, Adam Baron, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 20th day of July 2022, in the County of Kern, State of California.

_____
Adam Baron