Case 1:22-cv-00957-CDB   Document 38   Filed 12/01/23   Page 1 of 8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM BARON,<br><br>              Plaintiff,<br><br>   v.<br><br>GALACTIC CO., LLC, *et al.*,<br><br>              Defendants. | Case No. 1:22-cv-00957-CDB<br><br>ORDER CONSOLIDATING CASES PURSUANT TO RULE 42(a) |
| RICHARD MONDOUX,<br><br>              Plaintiff,<br><br>   v.<br><br>GALACTIC ENTERPRISES, LLC,<br><br>              Defendant. | Case No. 1:23-cv-00217-CDB<br><br>ORDER CONSOLIDATING CASES PURSUANT TO RULE 42(a) |

| | | |
|---|---|---|
| 1 | JONATHAN UPTON-KNITTLE, | Case No. 1:23-cv-00301-CDB |
| 2 | Plaintiff, | |
| 3 | v. | ORDER CONSOLIDATING CASES PURSUANT TO RULE 42(a) |
| 4 | GALACTIC ENTERPRISES, LLC, | |
| 5 | Defendant. | |
| 6 | | |
| 7 | JOHN MOURKOS, | Case No. 1:23-cv-01067-JLT-CDB |
| 8 | Plaintiff, | |
| 9 | v. | ORDER CONSOLIDATING CASES PURSUANT TO RULE 42(a) |
| 10 | GALACTIC ENTERPRISES, LLC, | |
| 11 | Defendant. | |

This matter comes before the Court *sua sponte*. These four related actions are brought by former employees of Defendants Galactic Co., LLC, Virgin Galactic, LLC, and Galactic Enterprises, LLC — which are wholly owned subsidiaries of Virgin Galactic Holdings, Inc.

For the reasons set forth below, the three actions for which the parties have consented to magistrate judge jurisdiction will be consolidated for all discovery, pretrial and trial events (the fourth action, *Mourkos v. Galactic Enterprises, LLC*, will remain a separate action but will share the same case management dates as the consolidated actions except for pretrial conference and trial).

**BACKGROUND AND PROCEDURAL POSTURE**

In each of these actions, Plaintiffs bring claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. for termination and retaliation based on religion and failure to provide religious accommodation. Plaintiffs also raise state law claims under California's Fair Employment and Housing Act (FEHA) (Cal. Gov't. Code §12900 *et seq*) for discrimination and retaliation based on religious creed, failure to provide religious accommodation, as well as common law tort.

On May 11, 2023, the Court presided over a scheduling conference in the matter of

*Richard Mondoux v. Galactic Enterprises, LLC,* Case No. 1:23-cv-00217-CDB (*Mondoux*). (Doc. 13). The Court assessed that the *Mondoux* matter was substantially similar to an earlier-filed matter, *Baron v. Galactic Co., LLC, et al.,* Case No. 1:22-cv-00957-CDB (*Baron*), as well as another pending action, *Upton-Knittle v. Galactic Enterprises, LLC*, Case No. 1:23-cv-00301-CDB (*Knittle*). The parties agreed to participate in a global settlement conference before an unassigned magistrate judge for the *Mondoux*, *Baron*, and *Knittle* cases. At the parties' request, the *Baron* case was stayed with approximately one month remaining in the time to complete nonexpert discovery. (*Baron*, Docs. 26, 28). Thereafter, on August 11, 2023, a fourth, related action titled *Mourkos v. Galactic Enterprises*, LLC, Case No. 1:23-cv-01067-JLT-CDB (*Mourkos*) also was referred to the global settlement conference.

The parties convened for the global settlement conference on October 25, 2023, but were unable to reach a settlement. (*Baron*, Doc. 35). Thereafter, the Court observed that the four cases appear to present sufficient common questions of law and fact that the matters should be consolidated for trial under Fed. R. Civ. P. 42 and ordered the parties to file a joint report setting forth their positions regarding consolidation. (*Baron*, Doc. 36).

The parties filed their joint reports in each of the four cases on November 17, 2023. (*Baron*, Doc. 37). In each of the reports, the parties agreed that the four matters should be consolidated for pre-trial purposes only. *Id*. However, the parties also represented that there will be sufficient (unidentified) differences between the matters to warrant separate trials. *Id*. The parties represented that judicial resources would be best preserved by consolidating all pre-trial matters but conducting any dispositive motions or trials separately. *Id*. The parties did not elaborate what the differences between the four matters would be, nor did they explain how consolidation would have any prejudicial effect on the individual cases.

## **DISCUSSION**

The operative complaints in these four related matters share a similar factual background. In each, Plaintiffs asserts a near-verbatim introduction:

> The gravamen of this Complaint is that Defendant refused to accommodate, retaliated against, otherwise discriminated against, and subsequently terminated Plaintiff because he asked for accommodation to his religious beliefs. Defendant knew or

3

should have reasonably known that [Plaintiff] held religious beliefs because he asserted them. Defendant nevertheless failed to accommodate and terminated an employee in retaliation for seeking an accommodation. (*Baron*, Complaint at p. 2)

In each of the four operative complaints, the named Plaintiff alleges that Defendants announced that all employees must be vaccinated against COVID-19 by December 8, 2021. (*E.g.*, *Baron*, Complaint at ¶ 9). Defendants also informed their employees that they may request a medical or religious exemption from the vaccine. All four Plaintiffs requested a religious exemption from the vaccine requirement.

In all four cases, Defendants concluded that Plaintiffs hold sincerely held religious beliefs which conflicted with the COVID-19 vaccine requirement, but that their exemption requests could not be accommodated because it would pose an "undue hardship" on the company. For example, in the case of Plaintiff Baron, Defendants found that they would endure undue hardship since an accommodation would isolate Plaintiff Baron from other team members while undergoing COVID-19 testing and waiting for results, which would have caused delays in his work and the work of his team. (*Baron* Complaint at ¶ 12). Plaintiff Upton-Knittle notified human resources that he was able to work one hundred percent remotely as an accommodation but did not receive any communication or attempt at a resolution. (*Knittle* Complaint at ¶ 14). Plaintiffs Mondoux and Mourkos both allege that Defendants refused to explore any alternatives to accommodate for their sincerely held religious beliefs. (*Mondoux* Complaint at ¶14; *Mourkos* Complaint at ¶ 15).

In each case, the Plaintiff refused to receive the vaccine and was terminated on or around December 31, 2021. Each Plaintiff alleges that Defendants' refusal to explore an accommodation for their religious beliefs was a substantial motivating factor in depriving their employment and was also a motivating factor for their termination. Each Plaintiff acquired a "Right to Sue" letter from the U.S. Equal Employment Opportunity Commission (EEOC) prior to filing their complaint.

### GOVERNING LAW

If multiple actions before the Court involve a common question of law or fact, the Court may consolidate the actions, and may do so *sua sponte*. *See* Fed. R. Civ. P. 42(a)(2); *In re Adams*

4

1  *Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). The Court has substantial discretion in
2  determining whether actions should be consolidated. *Inv'rs Research Co. v. U.S. Dist. Court for*
3  *Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  In deciding whether to consolidate actions,
4  the Court should weigh "the saving of time and effort consolidation would produce" against "any
5  inconvenience, delay, or expense that it would cause." *Thomas Inv. Partners, Ltd., v. U.S.*, 444 F.
6  App'x 190, 193 (9th Cir. 2011) (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.
7  1984)); *Rittmann v. Amazon.com Inc.*, No. C16-1554-JCC, 2022 WL 2192921, at *1 (W.D. Wash.
8  June 16, 2022). Where consolidation may cause prejudice to a party or increase the likelihood of
9  jury confusion, courts should consider whether the risks of prejudice and jury confusion "can be
10 alleviated by utilizing cautionary [jury] instructions" and "controlling the manner in which [the
11 parties' claims and defenses] are submitted to the jury for deliberation." *Eghnayem v. Boston*
12 *Scientific Corp.*, 873 F.3d 1304, 1313-14 (11th Cir. 2017) (quotation omitted).  Typically,
13 consolidation is a favored procedure.  *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. &*
14 *Sales Practices Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012).

## ANALYSIS

16  Here, there are significant common questions of law and fact across these four related
17 cases. All Plaintiffs are former employees of either Galactic Enterprises, LLC, Galactic Co., LLC,
18 or Virgin Galactic, LLC, which are all wholly owned subsidiaries of Virgin Galactic Holdings,
19 Inc. Each Plaintiff was informed by a Defendant that he was required to receive a COVID-19
20 vaccine by December 8, 2021, or seek a medical or religious exemption.  The four Plaintiffs
21 sought an accommodation to the vaccine mandate due to their sincerely held religious beliefs but
22 were denied an accommodation after Defendants allegedly refused to engage in an interactive,
23 meaningful, or good faith process to accommodate for their sincerely held religious beliefs.  The
24 Plaintiffs were terminated for not complying with Defendants' vaccination policy and they all
25 aver that their termination was motivated due to their religious beliefs and practices. Each
26 Plaintiff raises causes of action for retaliation and failure to provide religious accommodation
27 under Title VII and FEHA as well as common law wrongful termination.
28  Given the substantial commonality across the four actions in facts and law as set forth

above, the Court finds that consolidation is appropriate.  *See Campbell v. Boston Scientific Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (separate trials would be largely repetitive and thus implicate "the burdens, delays, and expense that ... help justify consolidation."); *Eghnayem*, 873 F.3d at 1314 (same).  The Court invited the parties to present to the Court their positions on consolidation (*i.e.*, *Baron* Doc. 36).  In response, the parties agreed only that consolidation for pretrial scheduling was appropriate, but that separate trials were warranted because they anticipated "sufficient differences between the matters." (*E.g.*, *Baron* Doc. 37).  No specific differences were identified, leaving the Court to rely on its review of the operative complaints to conceive of possible differences.

       The Court assesses that there would be numerous likely trial witnesses common across the four actions and that the burden on them would be reduced through consolidation of trials.  Consolidation also would benefit the parties by reducing redundancies related to testimony about Defendants' COVID-19 vaccination policy – which is common across the actions.  Moreover, consolidation would serve the interest of reducing the Court's overburdened docket.  *See Blount v. Boston Scientific Corp.*, No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, at *2 (E.D. Cal. Aug. 21, 2019).  In particular, four separate trials would have a much greater impact on the Court's trial calendar than a single trial.  The office of the Court's jury coordinator has advised the undersigned that it would need to summon a greatly expanded juror pool to facilitate separate trials than it would were the trials consolidated.  In short, the strain of a consolidated trial is substantially less on the community, the witnesses, the parties, the attorneys, and the Court than four separate trials.  The efficiency and desirability of consolidation in this situation is great.

       The Court further finds that consolidation of these cases would carry minimal risk of inconvenience, delay, or expense.  Discovery has commenced in only one of the four actions and the parties in their recent joint reports agree that consolidation of the discovery schedules is appropriate.  All Plaintiffs are represented by the same counsel of record.  Although there may be factual differences with respect to each Plaintiff's trial presentation, any risk of confusion or inconvenience may be mitigated by the issuance of jury instructions and related admonitions.

       At bottom, the parties' claim that they anticipate "sufficient differences between the

matters" (*e.g.*, *Baron* Doc. 37) that the cases should be tried separately is unavailing. The Court acknowledges that Plaintiffs' claims to a religious exemption from Defendants' vaccine mandate derive from two different religious faiths, and that Plaintiffs were assigned to two different employment locations. However, these two distinctions do not predominate over the cases' commonalities. As set forth above, the complaints in all four matters assert the same causes of action against the same employers during the same time frames. The common theory of liability and its inevitable reliance on a common nucleus of facts for proof predominates over the distinctions. Indeed, a district judge in the Eastern District of California previously consolidated cases with starker differences than those alleged by the parties here. *See Blount*, 2019 WL 3943872 (consolidating four actions related to plaintiffs' use of defendant's medical devices even though plaintiffs were of different ages and medical histories, experienced different implantation periods, and were attended by different doctors). *See also Equal Employment Opportunity Commission v. Lowe's HIW, Inc.*, 2008 WL 11343687, at *2-3 (W.D. Wash. Aug. 14, 2008) (consolidating individual harassment suits by defendant's four former employees alleging different forms of harassment by two different supervisors).

## **CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The actions denominated as *Baron*, Case No. 1:22-cv-00957-CDB, *Mondoux*, Case No. 1:23-cv-00217-CDB, and *Knittle*, Case No. 1:23-cv-00301-CDB, are CONSOLIDATED under Rule 42(a) for purposes of trial;
2. The "Lead Case" under which all filings for the consolidated actions shall be made is *Baron*, Case No. 1:22-cv-00957-CDB;
3. The stay previously imposed in *Baron*, Case No. 1:22-cv-00957-CDB (Doc. 28), is LIFTED;
4. The Court sets a scheduling and status conference in all four actions on December 12, 2023, at 9:00 AM. The parties in all four actions SHALL APPEAR at the conference remotely via Zoom video conference, and counsel may obtain the Zoom ID and password from the Courtroom Deputy prior to the conference. A joint scheduling conference

statement shall be filed in compliance with the procedures set forth in the Order Setting Mandatory Scheduling Conference.

IT IS SO ORDERED.

Dated:   **December 1, 2023**

UNITED STATES MAGISTRATE JUDGE